**[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 1245.]**

BERNAD, APPELLEE, *v*. CITY OF LAKEWOOD, APPELLANT.

[Cite as *Bernad v. Lakewood*, 2001-Ohio-67.]

*Appeal dismissed as improvidently allowed.*

(No. 00-1161—Submitted March 14, 2001—Decided April 25, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 75684.

———————————

{¶ 1} The cause is dismissed, *sua sponte*, as having been improvidently allowed.

———————————

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

———————————

**COOK, J., dissenting.**

{¶ 2} I disagree with the majority's decision to dismiss this cause as improvidently allowed. As Judge John T. Patton noted in his dissenting opinion, the rule adopted by the court of appeals could create problems in future replevin cases, for it "equates the [removal] of a disability with re-establishing an immediate right to possession or ownership of earlier confiscated property, * * * where such property has been legally confiscated." The court of appeals' decision to return the confiscated gun collection to Bernad might also conflict with R.C. 2933.41(C). That division provides, without qualification, that a person loses *any right* to possession of property that was the subject of an offense, the offense here being the undisputed possession by Bernad of the guns while under a disability.

———————————

*Randall C. Oliver*, for appellee.

*Kevin M. Spellacy*, Director of Law, and *Jennifer L. Swallow*, Assistant Law Director, for appellant.

_____